**United States District Court**
**District of Massachusetts**

|  |  |  |
|---|---|---|

PROFESSIONAL SPORTS SERVICES FI OY )
)
      Plaintiff, )
)
      v. )      Civil Action No.
)      24-12351-NMG
JAY GROSSMAN et al. )
)
      Defendants. )
)
)

**MEMORANDUM & ORDER**

GORTON, J.

    Before the Court is a motion for preliminary injunction filed by plaintiff, Professional Sports Services FI OY ("plaintiff"), and opposed by defendants, Jay Grossman ("Grossman") and JMG Sports Agency, Inc., (collectively, "defendants"). After a hearing on October 9, 2024, and after consideration of the pleadings, affidavits and arguments of counsel, the Court has determined that all conditions and requirements for injunctive relief have been satisfied. Plaintiff's motion for preliminary injunction (Docket No. 2) will therefore be allowed for the reasons set forth herein.

**I. Background**

    In 2012, plaintiff contracted with Puck Agency LLC ("Puck"), a now-inoperative business entity of which Grossman was the sole member, to represent certain Finnish ice hockey

players.  Based on Puck's alleged failures to make annual
payments to plaintiff, it brought, and succeeded in, a 2018
arbitration in Finland, pursuant to the parties' contract.  The
arbitrator awarded plaintiff $248,535 plus costs which plaintiff
sought to domesticate via a writ of execution from the United
States District Court for the Southern District of New York.
That court entered judgment against Puck in the amount of
$323,327.

Plaintiff was unable to collect the judgment from Puck and
subsequently learned that Puck was no longer doing business and
that Grossman had incorporated JMG Sports Agency, Inc. ("JMG-
NY") in New York to conduct his same business.  Plaintiff sued
again in 2024, this time naming both Puck and JMG-NY as
defendants, and received a judgment totaling $896,268, which
included the prior judgment plus interest and other costs.

Plaintiff alleges that defendant has, since then, abused
the corporate form by 1) fraudulently transferring the assets of
JMG-NY to JMG Sports Agency, Inc. ("JMG-MA"), a Massachusetts
corporation incorporated after the 2024 judgement, and 2)
selling off personal assets, including his former residence in
New York, to avoid paying the judgment he owes.  Plaintiff
subsequently filed suit against defendant in this Court,
alleging the fraudulent transfer of assets, seeking to obtain a
declaratory judgment to pierce the corporate veil of JMG-MA, and

seeking a preliminary injunction against both defendants to enjoin the dissipation of their assets.

## II. Legal Standard

In considering a motion for injunctive relief, it is well settled that a district court must weigh four factors: 1) the plaintiff's likelihood of success on the merits, 2) the potential for irreparable harm to the plaintiff if the injunction is denied, 3) the hardship to the nonmovant if enjoined as compared to the hardship to the movant in the alternative, and 4) the public interest. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996).  Among these, the first two factors are paramount. Together Emps. v. Mass. Gen. Brigham Inc., 32 F.4th 82, 85 (1st Cir. 2022).

## IV. Application

### A. Likelihood of Success on the Merits

Plaintiff here has demonstrated a substantial likelihood of success on the merits based upon the following:

a. Grossman has used the corporate form to evade plaintiff's attempt to collect on two arbitration awards in Finland which plaintiff domesticated by obtaining judgments in its favor in the United States District Court for the Southern District of New York.  Grossman was the sole member of Puck and was the sole stockholder of JMG-NY, the two entities against which the judgments were entered.

b. After Puck contracted with plaintiff in 2012, Grossman incorporated two successor entities and transferred Puck's assets without informing plaintiff.

c. After plaintiff obtained an award through the first arbitration, at which Grossman appeared, plaintiff learned for the first time of the existence JMG-NY. Plaintiff then commenced the second arbitration against JMG-NY.

d. Plaintiff prevailed in the second arbitration and domesticated the awards of both arbitrations in the United States District Court for the Southern District of New York, eventually obtaining a writ of execution in the amount of $896,268 which it was unable to satisfy against either defendant.

e. Inclusive of interest, the amount plaintiff is owed by entities controlled by Grossman exceeds $1,000,000.

f. At all times up to the present, defendant has described his business to the public as "Puck Agency." Grossman has had complete and full control of each of the entities under which he has conducted his sports agency business.

g. There is evidence sufficient to satisfy this Court that Grossman has systematically misused the corporate form to thwart collection of the judgments awarded to plaintiff.

Considered together, these facts convince the Court that plaintiff has demonstrated a likelihood of success on its claims

of fraudulent transfer and piercing the corporate veil of JMG-MA. See Mass. Gen. Laws ch. 109A, § 5(a)(1)-(2); Scott v. NG U.S. 1, Inc., 881 N.E.2d 1125, 1132 (Mass. 2008).

### B. Irreparable Harm

Plaintiff has also demonstrated that it will suffer irreparable harm in the absence of a preliminary injunction, including, without limitation, the likely inability to collect on any judgment against the entities under which Grossman has operated his sports agency business. See Micro Signal Rsch., Inc. v. Otus, 417 F.3d 28, 31 (1st Cir. 2005) (recognizing that irreparable harm exists where there is "strong indication that the defendant may dissipate or conceal assets").

### C. Balance of Hardships

With respect to the balancing of hardships, the Court is satisfied that defendants Grossman and JMG-MA will not suffer any irreparable harm from the imposition of an injunction that will restrain the dissipation of some, but not all, of their assets for the duration of this lawsuit.

### D. Public Interest

The Court finds that the public interest, if any, in allowing or denying an injunction is neutral in this case and therefore does not alter the Court's conclusion that injunctive relief in favor of plaintiff is warranted.

ORDER

In accordance with the foregoing, plaintiff's motion for a preliminary injunction (Docket No. 2) is **ALLOWED** and a preliminary injunction in the form attached hereto as "Exhibit A" will be entered.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated:  October 15, 2024