United States District Court
District of Massachusetts

| | |
|---|---|
| Professional Sports Services FI OY, <br><br> Plaintiff, <br><br> v. <br><br> Jay Grossman et al., <br><br> Defendants. | Civil Action No. <br> 24-12351-NMG |

MEMORANDUM & ORDER

GORTON, J.

This case arises from an alleged inability of plaintiff, Professional Sports Services FI OY ("plaintiff") to recover a judgment for breach of contract. Plaintiff previously filed a motion for preliminary injunction which was allowed but now pending are: 1) a motion of defendants, Jay Grossman ("Grossman") and JMG Sports Agency, Inc., (collectively, "defendants"), to dismiss plaintiff's complaint for failure to state a claim and 2) a motion of plaintiff to expedite discovery and amend the prior preliminary injunction order.  For the reasons set forth below, both motions will be allowed, in part, and denied, in part.

I. **Background**

The facts of this case are well documented in this Court's prior order, see Pro. Sports Servs. FI OY v. Grossman, No. CV

- 1 -

24-12351-NMG, 2024 WL 4495149 (D. Mass. Oct. 15, 2024), and will be summarized here only to the extent necessary to resolve the pending motions. As this Court previously explained, plaintiff contracted with Puck Agency LLC ("Puck"), an entity owned by Grossman, to represent Finnish ice hockey players. Based upon Puck's failures to make certain payments, plaintiff obtained a favorable decision in a 2018 arbitration held in Finland. Plaintiff then domesticated that judgment via a writ of execution in a New York federal court.

Plaintiff was unable to collect that judgment against Puck and subsequently learned that Grossman had incorporated JMG Sports Agency, Inc., New York ("JMG-NY") to conduct his ongoing business. As such, plaintiff brought a second arbitration in Finland in February, 2022, against both Puck and JMG-NY. Plaintiff alleges that, in May, 2022, Grossman incorporated JMG Sports Agency, Inc., Massachusetts ("JMG-MA") in an effort to further obfuscate and avoid judgment.

In 2024, plaintiff again filed suit against defendant, 1) seeking declaratory judgment to pierce the corporate veil of JMG-MA as the alter ego of Grossman (Count I) and 2) for fraudulent transfer in violation of M.G.L. c. 109A (Count II). Following the entry of a preliminary injunction, plaintiff voluntarily dismissed its fraud claim (Count III) and amended its complaint to add a claim for violation of the Consumer

Protection Act, M.G.L.c. 93A (Count IV).  Now, defendants move to dismiss plaintiff's complaint.  Plaintiff, in turn, moves to expedite discovery and amend the pending preliminary injunction order based upon the purported terminal illness of defendant, Grossman.

## II. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible if, after accepting as true all non-conclusory factual allegations, the Court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  In considering the merits of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006).

## III. Application

To the extent defendants' motion to dismiss contends that Counts I and II of plaintiff's complaint fail to state a claim, the Court need not address such defenses for the reasons set forth in its previous entry of preliminary injunction.  The

Court will, however, address the remaining arguments presented in defendant's motion.

### A. Res Judicata for Declaratory Judgment (Count I)

Defendants first suggest that plaintiff's declaratory judgment claim is barred by the doctrine of res judicata. Res judicia renders a claim inactionable if it has previously been brought and decided. To establish that res judicata applies, the moving party must show that:

1) [an] earlier suit resulted in a final judgment on the merits;

2) the causes of action asserted in the earlier and later suits are sufficiently identical or related; and

3) the parties in the two suits are sufficiently identical or closely related.

Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010). Claims that arise from the same common nucleus of operative facts are therefore barred if they could have been brought in a previous action. See Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995).

Here, defendants assert that plaintiff could have brought its request for declaratory relief to treat Grossman's business as his alter ego during either of the two arbitrations, and therefore such claim is now barred. Defendants are correct that a previous arbitration can form the basis of res judicata, see, e.g., FleetBoston Fin. Corp. v. Alt, 638 F.3d 70, 79 (1st Cir.

2011), but that is not true here. Plaintiff's request for declaratory judgment could not have been brought previously because the facts giving rise to it did not occur until after the subject arbitrations.

Plaintiff also alleges the fraudulent transfer of assets from JMG-NY to JMG-MA. The latter corporation was purportedly incorporated in May, 2022, three months after the second arbitration. Because JMG-MA did not yet exist at the time of either arbitration, a claim to pierce its corporate veil was not before either arbitrator in the earlier adjudications, and thus does not bar plaintiff's claim here. Cf. Havercombe v. Dep't of Educ. of the Commonwealth of P.R., 250 F.3d 1, 8 n.9 (1st Cir. 2001) (finding res judicata applied where new action merely alleged a continuation of identical conduct as prior action).

### B. Statutes of Limitations

Defendants next assert that plaintiff's claims under Counts I and II are barred by their respective statutes of limitations.

#### i. Declaratory Judgment (Count I)

An action to recover a previously obtained judgment by piercing the corporate veil and asserting that a business entity is merely an individual's alter ego is subject to a 20-year statute of limitations under Massachusetts law. See M.G.L. c. 260, §20 ("A judgment . . . of a court . . . of the United States . . . shall be presumed to be paid and satisfied at the

expiration of twenty years after it was rendered."); <u>Milliken & Co. v. Duro Textiles, LLC</u>, 887 N.E.2d 244, 258 (Mass. 2008) (discussing statute of limitation under §20). Cf. <u>Langone v. Esernia</u>, 847 F. Supp. 214, 218 (D. Mass. 1994) (finding 20-year statute of litigations inapplicable where the plaintiff's claim did not actually seek to pierce the corporate veil).

Here, plaintiff seeks a declaratory judgment that defendant JMG-MA is the alter ego of Grossman. Pursuant to M.G.L. c. 260, §20, defendant has 20 years from the date of entry of the judgment to recover against Grossman. Because the New York court rendered its judgment far less than 20 years ago, plaintiff's claim is not barred by a statute of limitations.

Nevertheless, defendant rejoins that the applicable statute of limitations is, in fact, four years and that such statute ran from the date of the breach of contract underlying this case. Defendants are mistaken. The statute of limitations they cite would apply to plaintiff's prior claim for breach of contract, not its subsequent claim to recover a judgment based upon that breach. <u>See</u> M.G.L. c. 260, §20. Defendants further rely on inapposite case law that has related the statute of limitations on alter ego claims to the underlying cause of action. <u>See</u> <u>Specialty Companies Grp., LLC v. Meritage Homes of Ariz., Inc.</u>, 492 P.3d 308, 309 (Ariz. 2021). Regardless of what such cases

hold, §20 is clear that a 20-year, not four-year, statute of limitations applies and will not bar plaintiff's claim.

### ii. Fraudulent Transfer (Count II)

A claim of fraudulent transfer pursuant to M.G.L. c. 109A, §5(a), and consistent with the Uniform Fraudulent Transfer Act (UFTA), must be brought "within four years after the date of the fraudulent transfer." M.G.L. c. 109A, §10(a). Massachusetts courts have found that this limitations period begins to run from the time plaintiff first learns of the fraudulent conduct. E.g., Cahill v. Silva, 188 N.E.3d 984 (Mass. App. Ct. 2022) (finding statute ran four years from date of fraudulent real estate sale); Snider v. Green, 995 N.E.2d 1151 (Mass. App. Ct. 2013) (similar).

Here, plaintiff brought its claim on September 19, 2024. Defendants assert that the statute began to run no later than February, 2020, when plaintiff first learned of the bank account of JMG-NY had been depleted but plaintiff responds that its fraudulent transfer claim was timely brought because the transfers continued at least through the time of the filing of plaintiff's complaint.

Although Massachusetts precedent is lacking, other courts interpreting the UFTA have found the meaning of "fraudulent transfer" to be obfuscated where, as here, there are multiple transfers at issue. Generally, courts have rejected an

interpretation of the four-year statute of limitations that would "require[] the clock to start running from the earliest possible date" and instead deem the statute as beginning to run from the date of the most recent transfer. See Grassmueck v. Bensky, No. C04-2016P, 2005 WL 1076533, at *3 (W.D. Wash. May 5, 2005); PNC Equip. Fin., LLC v. Zilberbrand, No. 12-CV-03074, 2014 WL 448384, at *5 (N.D. Ill. Feb. 4, 2014); see also In re Affymetrix Derivative Litig., No. C06-05353JW, 2008 WL 5050147, at *4 (N.D. Cal. Mar. 31, 2008). This Court finds the consensus interpretation consistent with the statutory text of §10 and the purpose of the UFTA in preventing and ameliorating fraud.

Here, plaintiff's fraudulent transfer claim includes an allegation that Grossman, transferred assets from JMG-NY to JMG-MA in 2022. Because that transfer ocurred within four years of the filing of the complaint, plaintiff's claim is not barred. Although Massachusetts courts have rejected a claim that ongoing fraud alone will toll the statute, see, e.g., Torrance Van & Storage Co. v. Depietri, No. WOCV200802252, 2011 WL 5841640, at *2 (Mass. Super. Sept. 23, 2011), plaintiff's allegations of a separate transaction, i.e., the transfer of assets from JMG-NY to JMG-MA in May, 2022, is sufficient to render its claim timely.

## C. Substantial Occurrence Under Chapter 93A (Count IV)

Finally, defendants contend that plaintiff's Chapter 93A claim fails as a matter of law because the facts it relies upon occurred primarily and substantially outside of Massachusetts.

Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 243 (1st Cir. 2005) (quoting M.G.L. c. 93A, §2). A prerequisite to a Chapter 93A claim is that the conduct alleged must have occurred "primarily and substantially within the [C]ommonwealth [of Massachusetts]." Arthur D. Little, Inc. v. Dooyang Corp., 147 F.3d 57, 52 (1st Cir. 1998) (quoting M.G.L. c. 93A, §11).

In determining whether conduct occurred substantially within the Commonwealth, the Massachusetts Supreme Judicial Court ("SJC") has not articulated specific factors but has instead described the issue as a highly "functional inquiry" that is not based upon any "precise formula." Kuwaiti Danish Comput. Co. v. Digital Equip. Corp., 781 N.E.2d 787, 798-99 (Mass. 2003); Clinton Hosp. Ass'n v. Corson Grp., Inc., 907 F.2d 1260, 1266 (1st Cir. 1990). Whether conduct occurs "primarily and substantially" in Massachusetts depends upon "the context" of the claim and "the center of gravity of the circumstances that give rise" to it. Sonoran Scanners, Inc. v. PerkinElmer,

Inc., 585 F.3d 535, 546 (1st Cir. 2009) (quoting Kuwaiti Danish Comput. Co., 781 N.E.2d at 799).

Here, the allegations in plaintiff's amended complaint that connect this case to Massachusetts are that 1) JMG-MA is a business entity incorporated under the laws of Massachusetts, 2) Grossman is currently a resident of Chilmark, Massachusetts 3) the official address for JMG-NY is listed as that same address in Chilmark and 4) Grossman fraudulently transferred assets from JMG-NY to JMG-MA, a Massachusetts corporation.

Plaintiff claims that such allegations are sufficient to plead a claim under Chapter 93A. This Court disagrees.

Although those facts provide a connection to Massachusetts, plaintiff's allegations of substantial conduct that occurred outside of Massachusetts, namely, obtaining a judgment in New York in favor of a Finnish entity against a New York entity, defeat the "primary and substantial" requirement of Chapter 93A claim. Accord Fishman Transducers, Inc. v. Paul, 684 F.3d 187, 197 (1st Cir. 2012) ("Where wrongdoing is not focused on Massachusetts but has relevant and substantial impact across the country, the 'primarily' requirement of section 11 cannot be satisfied."). The mere fact that some conduct occurred in Massachusetts, without more, is not tantamount to primary and substantial occurrence in Massachusetts and plaintiff's Chapter 93A claim will therefore be dismissed. Sonoran Scanners, 585

F.3d at 546; see Parexel Int'l LLC v. PrisymID Ltd., No. 23-CV-12381-ADB, 2024 WL 3471930, at *7 (D. Mass. July 19, 2024); Shea v. Millett, No. 17-CV-12233-ADB, 2018 WL 2077599, at *4 (D. Mass. May 3, 2018).

Based upon this Court's denial, in part, of the motion to dismiss, this Court will allow plaintiff's request to convene a Rule 16 conference promptly. The Court will, however, reserve its decision on plaintiff's request for an expedited discovery schedule and for modification to the preliminary injunction until the Rule 16 conference, at which defendants may address its opposition thereto. Accordingly, defendants' motion for an extension of time to respond to plaintiff's request to expedite discovery and amend the preliminary injunction will be denied as moot.

ORDER

For the foregoing reasons:

1) the motion of defendants, Jay Grossman and JMG Sports Agency, Inc., to dismiss the complaint of plaintiff, Professional Sports Services FI OY (Docket No. 25) is, as to Count IV, **ALLOWED**, but is otherwise **DENIED**;

2) the motion of plaintiff to expedite discovery and amend the entry of preliminary injunction or, in the alternative, to schedule a Rule 16 conference promptly (Docket No. 34) is, as to convening a timely Rule 16 scheduling conference, **ALLOWED**, but is otherwise **DENIED without prejudice**; and

3) the motion of defendants for an extension of time to respond to the motion to expedite discovery and amend the entry of preliminary injunction (Docket No. 40) is **DENIED as moot**.

The Court will convene a Rule 16 scheduling pursuant to the notice for such a conference to be entered by the deputy clerk forthwith.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: March 17, 2025