UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SPORT SERVICE FI OY,<br><br>Plaintiff,<br><br>v.<br><br>JAY GROSSMAN and JMG SPORTS AGENCY INC.<br><br>Defendants. | Civil Action No.: 1:24-cv-12351-NMG |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND COMMUNICATIONS FROM PLAINTIFF**

Defendants Jay Grossman and JMG Sports Agency, Inc. (collectively "Defendants") pursuant to Fed. R. Civ. P. 37, move to compel the production of relevant documents and communications that Plaintiff Professional Sport Service FI OY's ("PSS") previously agreed to produce when it failed to indicate in its response to Defendants' document requests that it was withholding responsive documents, but has subsequently refused to collect or produce.

**INTRODUCTION AND FACTUAL BACKGROUND**

In this case, PSS seeks to impose liability on Defendants through the doctrine of corporate disregard—arguing that Defendants are alter egos of JMG Sports Agency, Inc. (New York) ("JMG-NY") and Puck Agency LLC, against whom PSS obtained an arbitral award later domesticated in the Southern District of New York. Defendants, in turn, have raised the defense of *res judicata*, contending that JMG Sports Agency, Inc., Massachusetts ("JMG-MA") and Mr. Grossman should have been named in that second arbitration and are barred from seeking to

impose liability on them in a subsequent litigation. *See* Answer, ECF No. 46 at 11 (third affirmative defense).

That defense turns squarely on what PSS knew, and when it knew it. Under well-settled law, *res judicata* applies when the party invoking it shows that the opposing party had—or, with reasonable diligence, should have had—knowledge of the relevant facts at the time of the earlier proceeding. *See In re Iannochino*, 242 F.3d 36, 48 (1st Cir. 2001) (courts "look to the parties' knowledge at the time of the first suit"); *In re Adelphia Recovery Tr.*, 634 F.3d 678, 695 (2d Cir. 2011) ("Res judicata applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or … could not have been discovered with due diligence."); *Johnson v. SCA Disposal Servs. of New England, Inc.*, 931 F.2d 970, 977 n.20 (1st Cir. 1991) ("[I]f information is not reasonably discoverable, res judicata will not apply."). Discovery to date has revealed that PSS was well aware of Mr. Grossman's alleged conduct before initiating the second arbitration. *See* Ex. C (Letter from Jarmo Kork to NHLPA dated August 20, 2020). And if PSS also knew of JMG-MA's existence during that arbitration but failed to name it as a party, then *res judicata* may well foreclose this action entirely.

Because PSS's knowledge during the second arbitration is central to determining whether *res judicata* bars its claims, Defendants properly sought documents bearing on that issue. *See* Ex. A at 6–7 (RFP Nos. 8, 9, and 12). PSS failed to respond within the thirty-day deadline prescribed by Rule 34 or request an extension before the deadline.

On June 11, 2025, PSS served its responses and objections to Defendants' Requests, in which PSS agreed to produce documents responsive to each of request relevant to this Motion. Those responses are provided below:

**REQUEST 8** All Documents reflecting Communications between PSS, on the one hand, and any person, on the other hand, concerning Mr. Grossman, Puck, JMG-NY, JMG-MA, and/or the Agreement.

**RESPONSE NO. 8**
PSS objects to Request No. 8 because it is overbroad, unduly burdensome, and not proportional to the needs of the case, including, without limitation, because it seeks all documents and communications mentioning Mr. Grossman, Puck, JMG-NY, JMG-MA, and/or the Agreement during a 15-year-plus period regardless of whether such documents and communications relate to the claims or defenses in this case. Request No. 8 is further unduly burdensome and not proportional to the needs of the case because it seeks documents already within the possession, custody, or control of Defendants. Request No. 8 further improperly seeks documents subject to the attorney-client privilege, attorney work product doctrine, or other privilege. Subject to and without waiving those objections, PSS responds as follows: ***PSS will produce all relevant, non-privileged documents responsive to this request within its possession, custody, or control.***

**REQUEST NO. 9**
All Documents reflecting Communications between PSS, on the one hand, and any person, on the other hand, concerning the allegations set forth in the Complaint.

**RESPONSE NO. 9**
PSS objects to Request No. 9 because it is overbroad, unduly burdensome and not proportional to the needs of the case. PSS further objects to Request No. 9 because it improperly seeks documents subject to the attorney-client privilege, attorney work product doctrine, or other privilege. Subject to and without waiving that objection, PSS responds as follows: ***PSS will produce all relevant, non-privileged documents responsive to this request within its possession, custody, or control.***

**REQUEST NO. 12**
All Documents reflecting Communications with any Person identified in Your Initial Disclosures relating to the Action or the allegations set forth in Your Complaint.

**RESPONSE NO. 12**
PSS objects to Request No. 12 because it is overbroad, unduly burdensome and not proportional to the needs of the case, including, without limitation, because it seeks documents already within the possession, custody, or control of Defendants. Request No. 12 further improperly seeks documents subject to the attorney-client privilege, attorney work product doctrine, or other privilege. Subject to and without waiving those objections, PSS responds as follows: ***PSS will produce all relevant, non-privileged documents responsive to this request within its possession, custody, or control***.

Ex. B at 7-10 (emphasis added).  Tellingly, nowhere in PSS's responses does it state that PSS will

not produce responsive documents for the time period of January 1, 2012 to present (the relevant

3

time period as defined in Defendants' Requests), or that it will not collect and produce documents predating February 28, 2022, regardless of their relevance to Defendants' claims and defenses.

After initially representing that it would produce responsive documents—and that none were being withheld—PSS failed to produce any documents responsive to these requests. In fact, PSS's refusal to produce such email communications only came to light after Plaintiff raised the deficiencies in their production. On August 27, 2025, Defendants noted that Plaintiff's production to date lacked only a handful of emails in PDF form and requested that Plaintiff's confirm that they had conducted an email collection and would produce emails responsive to the Requests. In the following weeks, in response to repeated requests by Defendants, PSS refused to confirm whether they had conducted an email collection and produced all responsive email communications. *See* Ex. E at 3.

On September 12, 2025, PSS notified Defendants for the first time of its intent to unilaterally impose a temporal limitation on Defendants' requests, stating that it would produce only documents created after the second arbitration award. *See* Ex. E at 1 ("We confirm that our client performed a collection of all relevant documents responsive to Defendants' requests for production during the time period of February 28, 2022 to the present, which is the date of the second arbitration award."). PSS also indicated that they would not produce emails responsive to the Requests that they did not view as "relevant" to the case, including emails central to Defendants' affirmative actions. *Id.* at 1-2

That arbitrary cutoff is indefensible. The period before the second arbitration is precisely when PSS's knowledge of JMG-MA and Mr. Grossman matters most to the *res judicata* analysis. Yet PSS has produced only a single communication, one email, in response to Requests 8, 9, and 12. During the parties' meet-and-confer, Defendants offered a reasonable compromise, agreeing

4

to limit the relevant period to 2018 (the commencement of the first arbitration) through the present. PSS nevertheless refused to produce any additional documents within that narrowed timeframe, leaving Defendants no choice but to bring this motion.[1]

## ARGUMENTS & AUTHORITIES

Under Federal Rule of Civil Procedure 26(b), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  This rule is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Energy Power (Shenzhen) Co. v. Wang*, No. 13-cv-11348, 2014 WL 4687784, at *2 (D. Mass. Sept. 17, 2014).  *See also Bay Club Members, LLC v. Selective Ins. Co. of Am.*, No. 1:21-CV-11791-DPW, 2023 WL 11868238, at *2 (D. Mass. Jan. 31, 2023) (noting that "[r]elevance" for purposes of discovery is "'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  In other words, "to be discoverable, information need only appear to be 'reasonably calculated to lead to the discovery of admissible evidence.'" *Bonner v. Triple-S Mgmt. Corp.*, 68 F.4th 677, 685 (1st Cir. 2023) (quoting *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 52 (1st Cir. 2009)). Requests for the production of documents are governed by this standard.  *Id.*

---

[1] Defendants met and conferred with Plaintiff regarding the discovery deficiencies underlying the Motion on multiple occasions prior to the close of discovery on September 30, 2025.  (ECF No. 64).  During the parties' final meet and confer prior to the close of discovery, Defendants notified PSS that they would withhold the filing of the present Motion pending the parties' mediation, so as to preserve party and judicial resources should the case be resolved in mediation.  Given that PSS's motion for a protective order remains pending, no delay in the schedule would occur.  Since mediation was unsuccessful, Defendants' Motion is now necessary.

5

While discovery is broad, it is not unlimited.  "A court must limit discovery if it determines that … the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the projected discovery in resolving the issues." *In In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, No. 13-cv-02419, 2014 WL 12814933, at *2 (D. Mass. Feb. 7, 2014).  *See also Bonner*, 68 F.4th at 685.  But where "'the plaintiff has a demonstrable need for the documents, the defendant undisputedly has possession of them, and the plaintiff has no other access to them.... the defendant has a duty pursuant to Rule 34 to produce [responsive documents].'"  *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2020 WL 3492469, at *1–2 (D. Mass. June 26, 2020) (quoting *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976) (insertions in original).

Here, the communications sought by Defendants fit comfortably within the parameters of permissible discovery and PSS has no basis to withhold them.  Furthermore, PSS waived any objections pursuant to L.R. 34.1(c), it had failed to acknowledge it has conducted a reasonable search for documents and, its responses failed to comply with Rule 34 where it lodged objections while simultaneously stating it would produce responsive documents.  Given Defendants' need for the documents and PSS failure to preserve or properly invoke objections, this court should compel PSS to produce them pursuant to Fed. R. Civ. P. 37.

### A. Under the Local Rules, PSS Waived any Objections it had to Defendants' Document Requests.

By failing to object within thirty days of service and by neglecting to seek any extension, PSS has waived its right to object.  The Court's Local Rules could not be clearer: "any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived." L.R. 34.1(c)(1) (emphasis added).  Courts in this

6

District do not treat that language as optional. They are "obligated to enforce Local Rule 34.1." *Controlled Kinematics, Inc. v. Novanta Corp.*, No. 17-11029-ADB, 2019 WL 3082354, at *5 (D. Mass. July 15, 2019); *see also Fernandes v. Bouley*, No. 20-11612-GAO, 2022 WL 2915702, at *8 n.21 (D. Mass. July 25, 2022); *Merchia v. United States Internal Revenue Serv.*, 336 F.R.D. 396, 398 (D. Mass. 2020).

Rule 34 leaves no room for doubt. A party must respond to a request for production "within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). That deadline may be extended, but only "by stipulation" under Rule 29(b). Here, Defendants served their document requests on May 9, 2025, and PSS neither sought nor obtained an extension. When PSS eventually responded, it asserted boilerplate objections that Requests 8, 9, and 12 were "overbroad," "unduly burdensome," and "not proportional to the needs of the case," along with a vague temporal objection in response to Request No. 8. *See* Ex. B at 7-10.[2] It then produced a single document responsive to those requests. That is not compliance, it is evasion, and under this Court's Local Rules and precedent, the objections are waived.

In *Merchia*, the Court applied Local Rule 34.1(c)(1) in circumstances nearly identical to these. The plaintiff there served objections eleven days late, complaining that the requests were "duplicative, unduly burdensome, [and] unlikely to impact the case." 336 F.R.D. at 398. The Court held that such "untimely" objections were "waived." *Id.* (citing L.R. 34.1(c)(1); *Controlled Kinematics*, 2019 WL 3082354, at *5). The same straightforward rule controls here. PSS failed to respond within the time prescribed by "the Federal Rules of Civil Procedure, or any extensions thereof." L.R. 34.1(c)(1). Its objections are therefore waived, and it has no remaining basis to

---

[2] Notably, PSS's response to Request Nos. 9 and 12 contained no temporal objection, and none of PSS's responses indicated their intent to limit the time period of their production.

7

withhold documents responsive to Requests 8, 9, and 12. This Court should compel their production.

### B. PSS's Objections are Meaningless Where it has not Indicated it Performed a Search for Responsive Documents.

A party that receives document requests under Rule 34 must do more than object in generalities. It must conduct a reasonable search for responsive documents so that it can state, with accuracy, what it is producing, what it is withholding, and on what basis. PSS has done none of that. There is no indication it undertook any meaningful search for responsive materials. Yet under well-settled law, that obligation is not optional. "A party to this action … is obligated to undertake a search for and submit requested documents." *Bay Club Members, LLC,* 2023 WL 11868238, at *3 (citing *Fendi Adele S.R.L. v. Filene's Basement, Inc.*, No. 06 Civ. 244(RMB)(MHD), 2009 WL 855955, at *8 (S.D.N.Y. Mar. 24, 2009); *Moore v. Napolitano*, 723 F. Supp. 2d 167, 173 (D.D.C. 2010)). *See also In re Celexa & Lexapro Mktg. & Sales Pracs. Litig.*, 915 F.3d 1, 17 (1st Cir. 2019) (noting that party "did not perform an exhaustive search in response to … requests for documents" and was required to do so absent the parties' agreement to "limit[] the scope of its document collection.").

Here, Plaintiff has never confirmed that it performed any reasonable search for documents responsive to Requests 8, 9, and 12. Its silence on that score renders its responses and objections meaningless. As this Court has reminded litigants, when a party intends to withhold responsive materials, it must "state whether any responsive materials are being withheld and on what basis." *Soo v. Bone Biologics Corp.*, No. 19-11520-ADB, 2023 WL 12022828, at *3 (D. Mass. June 20, 2023) (citing Fed. R. Civ. P. 34(b)(2)(C)). Rule 34 requires such clarity precisely to "alert other

8

parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection." Fed. R. Civ. P. 34(b)(2)(C) (advisory notes).

But a party that has not conducted a reasonable search cannot, in good faith, assert objections or withhold documents at all—because it does not even know what responsive materials exist. That is why courts have held that "[w]hen a party fails to conduct a search for documents … it cannot state whether it is withholding documents on the basis of its objections, as Rule 34 requires." *Finkelstein v. Bical Auto Mall, Inc.*, No. 23-CV-49-LDH-SJB, 2023 WL 9119575, at *2 (E.D.N.Y. Dec. 14, 2023). In that situation, "neither the opposing party nor the Court knows if there are no documents responsive to the request, or instead, a few, a thousand, or a million." *Id.* The predictable result is needless motion practice, precisely what the discovery rules are designed to avoid.[3]

Plaintiff's approach here flouts those rules. Its "relevance" and "overbreadth" objections lack any factual grounding because Plaintiff never conducted the search that would give them meaning. They are, in short, "vacuous boilerplate." *CapRate Events, LLC v. Knobloch*, No. 17-CV-5907-NGG-SJB, 2018 WL 4378167, at *2 (E.D.N.Y. Apr. 18, 2018). And Rule 34 does not tolerate that sort of posturing. As one court put it, a party "cannot … use the overbreadth objection to produce nothing at all." *Integrated Structures Corp. v. Liberty Mut. Ins. Co.*, No. 21-CV-1744-ARR-SJB, 2022 WL 16786747, at *1 (E.D.N.Y. Aug. 9, 2022). Rather, the proper course is to identify the scope of production, disclose what documents will be withheld, and justify the burden of any additional production. *Finkelstein*, 2023 WL 9119575, at *3. Because Plaintiff failed to conduct a reasonable search, failed to identify any withheld documents, and failed to define the

---

[3] Nor can PSS claim that a search is unlikely to produce responsive documents. Defendants' own productions demonstrate that PSS is in possession or relevant documents prior to their arbitrary cut-off date. *See* Ex. C.

scope of its production, its objections to Requests 8, 9, and 12 collapse under the weight of their own emptiness. The Court should compel production and require Plaintiff to comply fully with its Rule 34 obligations.

### C. Defendants' Request Nos. 8, 9, and 12 are Relevant to This Dispute.

If this Court finds that PSS complied with Rule 34 and its objections were not waived (it should not), its relevancy objection is unfounded. Where, as here, Defendants seek an order compelling discovery, it "has the burden of showing its relevance." *Johansen v. Liberty Mut. Grp., Inc.,* No. 15-CV-12920-ADB, 2017 WL 6045419, at *1 (D. Mass. Dec. 6, 2017) (quoting *TG Plastics Trading, Co. v. Toray Plastics*, No. 09–336S, 2010 WL 936221, at *2 (D.R.I. Mar. 12, 2010). In the context of discovery, information is relevant if it "'bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Bay Club Members, LLC*, 2023 WL 11868238, at *2 (quoting *Oppenheimer Fund, Inc.*, 437 U.S. at 351). "Once a showing of relevance is made, the party opposing disclosure bears the burden of showing that the requested discovery is improper." *Controlled Kinematics, Inc.*, 2019 WL 3082354, at *2.

Here, Mr. Kork's statements and knowledge regarding Mr. Grossman and JMG-MA, both before and during the 2022 arbitration, are plainly relevant to Defendants' *res judicata* defense. *See Safeguard Properties Mgmt., LLC v. Zoll*, 2022 WL 16838781, at *5 (D. Mass. Nov. 8, 2022) (affirming dismissal of alter-ego claims where prior arbitration barred claims against individual owner). Indeed, *res judicata* bars relitigation of the same cause of action against a new defendant known to the plaintiff at the time of the first suit where the new defendant bears a sufficiently close relationship to the original defendant. *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367–68 (2d Cir. 1995).

Defendants seek only discovery on this plainly relevant point. PSS has already produced one document reflecting its complaint to the NHLPA regarding Mr. Grossman prior to the second arbitration. Yet by effectively granting itself a self-styled protective order by refusing to conduct a reasonable search and producing only the documents it deemed relevant, PSS has thwarted Defendants' ability to obtain the discovery to which they are entitled. The Court should therefore order PSS to produce documents responsive to Requests 8, 9, and 12 within its control.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court their motion to compel and order PSS to pay for its attorneys fees under Fed R. Civ. P 37(a)(5) for having to bring this motion.

Respectfully submitted,

/s/ *Michael E. Welsh*
Joseph L. Demeo (BBO # 561254)
Michael E. Welsh (BBO # 693537)
Michael R. Stanley (BBO # 680957)
DEMEO, LLP
66 Long Wharf
Boston, MA 02110
Tel:  (617) 263-2600
jdemeo@demeollp.com
mwelsh@demeollp.com
mstanley@demeollp.com

Dated: November 11, 2025

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendants respectfully submit that oral argument may assist the Court in determining whether to grant this motion to strike and accordingly requests the opportunity to present this Court with oral argument regarding this motion.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I, Michael E. Welsh, hereby certify that pursuant to Local Rule 7.1(a)(2), counsel for Defendants conferred in good faith with counsel for Plaintiff, email and by telephone on September 9 and September 30, 2025, before filing this Motion in an attempt to resolve or narrow the issues, but were unsuccessful.

/s/ *Michael E. Welsh*
Michael E. Welsh

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 11th day of November, 2025 this document filed through the ECF system, will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

/s/ *Michael E. Welsh*
Michael E. Welsh